IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-40725

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

WESLEY ADAM TAYLOR

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Tyler
USDC No. 6:06-CR-113

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Wesley Adam Taylor pleaded guilty to one count of possessing visual depictions involving the sexual exploitation of minors. In sentencing Taylor, the district court applied a substantial downward variance from the sentence recommended by the presentence report. Under the United States Sentencing Guidelines ("Sentencing Guidelines"), Taylor could have received a sentence of 120 months of imprisonment. The district court, however, sentenced Taylor to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sixty months of imprisonment followed by three years of supervised release. The government appealed. After reviewing the sentence for plain error, we AFFIRM.

I.

On July 11, 2006, Taylor was arrested for trading child pornography. Responding to an internet advertisement to trade child pornography placed by an undercover government official, Taylor sent the official DVDs containing thousands of sexually explicit images along with countless pornographic movies, most of which involved children. A month later, government agents executed a controlled mail delivery of videos containing child pornography to Taylor's residence. After Taylor's wife accepted the package, the agents exercised a search warrant and seized Taylor's computer. The computer contained a plethora of child pornographic materials, including hundreds of movies and thousands of images. The computer also showed that Taylor frequented numerous web sites containing child pornography. During questioning, Taylor confessed to possessing and trading child pornography. Taylor also admitted that he had taken sexually explicit photographs of his brother's sixteen-year-old girlfriend and that he had cajoled his twelve-year-old sister into letting him take pictures of her breasts for money.

On December 13, 2006, Taylor was indicted on six counts. The first count charged Taylor with producing sexually explicit images of a minor in violation of 18 U.S.C. § 2251(a) and (d). The second and third counts alleged that Taylor had distributed pornographic materials involving minors in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Finally, the fourth, fifth, and sixth counts charged Taylor with possessing child pornographic materials in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

Pursuant to a plea agreement, Taylor pleaded guilty to Count Four of the indictment and agreed to the application of various adjustments under the Sentencing Guidelines. In accordance with the plea, Taylor admitted to

possessing materials involving a prepubescent minor and distributing the materials with the expectation of receiving a thing of value in return. Moreover, Taylor acknowledged that his offense involved materials that were sadistic or masochistic in nature, the use of a computer, and 600 or more images. Given these admissions, the presentence report found that the proper sentencing range under the Sentencing Guidelines was 235-293 months. Because the statutory maximum for a violation of § 2252(a)(4)(B) and (b)(2) is 120 months, the presentence report recommended a 120-month sentence.

On June 21, 2007, the district court sentenced Taylor to sixty months of imprisonment followed by three years of supervised release. In explaining its decision, the district court took note of Taylor's admissions and the seriousness of his offense but found the following factors justified the downward variance from the recommended sentence: (1) the absence of a prior criminal record, (2) Taylor's youth and "impressive employment history," (3) the supportive testimonies of Taylor's wife, mother, and step-father, and (4) the needs of Taylor's newborn son. After handing down the sentence, the district court asked, "[I]s there anything else from the government?" The government replied, "No."

II.

Ordinarily, we review sentences for "reasonableness" by applying an abuse-of-discretion standard of review. United States v. Gall, -- U.S. --, 128 S.Ct. 586, 594 (2007). Because the government did not object to the downward variance, however, Taylor argues that we should review his sentence for plain error. We agree.

"One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in its forfeiture." United States v. Calverley, 37 F.3d 160, 162

(5th Cir. 1994) (en banc), <u>abrogated in part on other grounds by Johnson v. United States</u>, 520 U.S. 461, 468 (1997). Therefore, for example, if the defendant failed to object to his sentence at the district court, we review an upward variance from the Sentencing Guidelines for plain error. <u>See</u> <u>United States v. Peltier</u>, 505 F.3d 389, 391-92 (5th Cir. 2007).

The government acknowledges that it did not explicitly object to Taylor's sentence. It asserts, however, that it properly preserved the error because, before the district court sentenced Taylor, it had argued for the district court to follow the presentence report. But in <u>Peltier</u>, the defendant had also argued his case to the district court before sentencing, and we nonetheless found that the defendant had failed to object. <u>See</u> <u>id.</u> at 390-92. This makes sense because only an explicit objection gives the district court the invaluable opportunity to correct errors before they are appealed, which we have found to serve a "critical function" by "encourag[ing] informed decisionmaking." <u>Id.</u> at 392. The government does not contend–nor do we find appropriate–that the law applies differently when the derelict litigant is the government instead of the criminal defendant.[1]

In sum, we conclude that, because the government did not properly object to Taylor's sentence, we must apply the plain-error standard of review in this case. Accordingly, "[w]e may correct the sentencing determination only if (1) there is error (and in light of <u>Booker</u>, an 'unreasonable' sentence equates to a finding of error); (2) it is plain; and (3) it affects substantial rights." <u>Id.</u>

---

[1] Contrary to the government's assertion, <u>United States v. Castillo</u>, 430 F.3d 230 (5th Cir. 2005), does not support its argument. In <u>Castillo</u>, the "unique set of circumstances" of that case deprived the government of any opportunity to object after the district court sentenced the defendant. <u>See</u> <u>id.</u> at 234-35, 240. In this case, the district court gave the government an opportunity to address the court after it sentenced Taylor, which the government inexplicably declined.

Moreover, we cannot correct a "forfeited error" unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks and citations omitted) (alteration in original).

III.

The sentencing decision of the district court must be both procedurally sound and substantively reasonable. Gall, 128 S.Ct. at 597. "A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Id. at 596. Because it cannot assume that the Sentencing Guidelines range is per se reasonable, the district court must also make an "individualized assessment" by considering the factors reflected in 18 U.S.C. § 3553 and the facts presented. See id. "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Peltier, 505 F.3d at 392 (internal quotation marks and citation omitted).

The government first argues that the district court erred because it failed to consider the Sentencing Guidelines when it sentenced Taylor. This argument lacks merit. In this case, the district court correctly calculated the Sentencing Guidelines range, which was 235-293 months. But because of the statutory maximum, the most that the district court could have sentenced Taylor to under the Sentencing Guidelines was 120 months. Therefore, in deciding to impose a sixty-month, non-Guideline sentence, the district court properly considered whether this was reasonable in light of the 120-month sentence Taylor could have received under the Sentencing Guidelines. See United States v. Grossman, 513 F.3d 592, 595 (6th Cir. 2008) (reviewing a district court's downward variance

for reasonableness in light of the recommended guidelines sentence after accounting for the statutory maximum).

The government also contends that the district court erred because it failed to consider the factors provided under § 3553(a)(2) and § 3553(a)(5). Under § 3553(a)(2), sentencing courts must consider the need for the sentence imposed.[2] Under § 3553(a)(5), sentencing courts must consider policy statements issued by the Sentencing Commission.[3] In this case, the government contends that the district court failed to consider the policy statement found in U.S.S.G. § 5K2.0(b), which cautions courts against departing from the Sentencing Guidelines in cases involving "[c]hild crimes and [s]exual offenses," except in limited circumstances.[4]

---

[2] Section 3553(a)(2) requires sentencing courts to consider:
[T]he need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[3] Section 3553(a)(5) requires sentencing courts to consider:
[A]ny pertinent policy statement--
(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

[4] U.S.S.G. § 5K2.0(b) provides:
Downward Departures in Child Crimes and Sexual Offenses.--Under 18 U.S.C. § 3553(b)(2)(A)(ii), the sentencing court may impose a sentence below the range established by the applicable guidelines only if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that--
(1) has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, United States Code, taking account of any

The problem with the government's argument is that it is pure speculation. The government assumes that the district court did not consider the factors listed under § 3553(a)(2) and 3553(a)(5) because the district court did not explicitly address them in its analysis. But we have previously found that "a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). In this case, the district court gave a long, meticulous explanation for departing from the Sentencing Guidelines. From the district court's detailed discussion of the facts specific to this case, we find it is clear that the district court considered all the concerns embodied in § 3553 and simply determined that the variance was nonetheless appropriate. Because we conclude that the district court considered all the § 3553 factors, the district court did not err.

Finally, the government asserts that Taylor's sentence was unreasonable because the district court improperly weighed the factors provided under § 3553(a)(1).[5] The gravamen of the government's argument is that Taylor's crime

amendments to such sentencing guidelines or policy statements by act of Congress;

(2) has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and

(3) should result in a sentence different from that described.

The grounds enumerated in this Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements. Thus, notwithstanding any other reference to authority to depart downward elsewhere in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically identified as a permissible ground of downward departure within the meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted.

[5] Section 3553(a)(1) requires sentencing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

is too despicable and his "mitigating" circumstances too unexceptional to warrant the variance imposed. But "[w]e may not require district courts to find 'extraordinary' circumstances before they impose sentences outside of the guidelines range." United States v. Williams, 517 F.3d 801, 811 (5th Cir. 2008). In this case, the district court explicitly took note of the "insidious" nature of Taylor's crime and the "irreparable harm" he caused, but it nonetheless decided that a sixty-month sentence was appropriate because: (1) Taylor did not have a prior criminal record; (2) Taylor was young and had an "impressive employment history"; (3) Taylor's wife, mother, and step-father wholeheartedly supported him; and (4) Taylor had a newborn son. We "might reasonably have concluded that a different sentence was appropriate," but this "is insufficient to justify reversal of the district court." Gall, 128 S.Ct. at 597. Our review in this case is also limited to plain error. Therefore, while the extent of the variance in this case was admittedly substantial, we cannot find that the district court so plainly erred as to warrant reversal.

IV.

For the reasons above, we AFFIRM.