# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-51131
Summary Calendar

UNITED STATES OF AMERICA

                         Plaintiff-Appellee

v.

LUIS RICO-SERRANO

                         Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-208-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Rico-Serrano (Rico) appeals his guilty plea conviction and sentence for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326.

Rico argues on appeal that his above-guidelines sentence of 30 months of imprisonment was unreasonable because the district court incorrectly applied the 18 U.S.C. § 3553(a) factors when it improperly focused on his prior offense and did not consider the specific circumstances underlying his prior offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the district court imposed a sentence that was substantially higher than the guidelines range, the district court did not abuse its discretion in sentencing Rico because it properly considered the § 3553(a) factors and provided sufficiently detailed reasons for arriving at the sentence imposed.  See Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Williams, ___ F. 3d ___, No. 06-30010, 2008 WL 413303, *6-8 (5th Cir. Feb. 18, 2008).  Accordingly, Rico has failed to demonstrate that his sentence is unreasonable.  See Gall, 128 S. Ct. at 594, 596-97.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Rico also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that § 1326(b)(2) is a penalty provision and not a separate criminal offense.  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).  The judgment of the district court is AFFIRMED.