IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20636
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

SYED MOHSIN ABBAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-353-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.
PER CURIAM:[*]

Syed Mohsin Abbas pleaded guilty to one count of conspiracy to commit bank fraud without the benefit of a written plea agreement. The district court imposed a non-guidelines sentence of 48 months in prison, which was 15 months above the advisory guidelines range maximum of 33 months and 12 months below the statutory maximum sentence of 60 months.

Abbas argues that the district court erred in concluding that he had victimized more than 10 but less than 50 financial institutions. This court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviews a district court's application of the Sentencing Guidelines de novo and its factual findings at sentencing for clear error. United States v. Scroggins, 485 F.3d 824, 835 (5th Cir. 2007).

In determining a defendant's sentence, "[t]he district court is free to consider all relevant evidence – even inadmissible evidence – as long as the evidence relied upon has sufficient indicia of reliability to support its probable accuracy." United States v. Patterson, 962 F.2d 409, 415 (5th Cir. 1992) (internal quotation and citation omitted). The presentence report (PSR) indicates that Abbas's scheme resulted in financial losses to 132 different financial institutions and that about 15 banks suffered the bulk of the losses. Abbas has failed to present any evidence to rebut the information contained in the PSR. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). Consequently, Abbas has not established that the district court clearly erred in determining that he victimized 10 or more (but less than 50) financial institutions.

Abbas also argues that his non-guidelines sentence is unreasonable because the district court improperly considered certain factors and failed to adequately articulate the reasons for the upward variance. Abbas's assertions are belied by the record.

The district court noted the substantial nature of Abbas's role in the scheme as well as the fact that no adjustment had been made under the Guidelines for the "sophisticated means" employed by Abbas in carrying out the conspiracy. In addition, the district court focused on Abbas's character and continued disrespect for the law when it described the fraudulent and criminal nature of Abbas's conduct while he was a fugitive in England. The court also considered the significant undervaluation of the amount of money stolen as a result of the conspiracy. Thus, the record reflects that the district court did not abuse its discretion in sentencing Abbas because it properly considered the 18 U.S.C. § 3553(a) factors and provided sufficiently detailed reasons for arriving at the sentence imposed. See Gall v. United States, 128 S. Ct. 586, 596-97

(2007); United States v. Williams, 517 F.3d 801, 808-09 (5th Cir. 2008). Furthermore, the extent of the variance from a guidelines sentence was not unreasonable given the evidence before the district court. See United States v. Simkanin, 420 F.3d 397, 419 (5th Cir. 2005); United States v. Daughenbaugh, 49 F.3d 171, 175 (5th Cir. 1995).

Accordingly, the judgment of the district court is AFFIRMED.