# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-30416
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCUS WAYNE HENDERSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20223-1

Before JONES, Chief Judge, and CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marcus Wayne Henderson appeals the 120-month sentence he received following his guilty-plea conviction for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), asserting that the sentence is substantively unreasonable. This court reviews the non-guidelines sentence under the deferential abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances," and recognizing that "[t]he sentencing judge is in a superior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

position to find facts and judge their impact under [18 U.S.C.] § 3553(a) in the individual case." Gall v. United States, 128 S. Ct. 586, 596-598 (2007).

Henderson contends that the guidelines sentence was a fair sentence in his case and that the district court committed a clear error in judgment in failing to give significant weight to the Guidelines and to adhere to the guidelines "policies severely restricting departures outside of the Guidelines ranges." This argument is without merit. Although the district court must begin by calculating the guidelines range, the range is a benchmark only, and the district court is free to conclude, as it did in this case, that the Guidelines range was insufficient based on an individualized assessment of the § 3553(a) factors on the facts of the instant case. See Gall, 128 S. Ct. at 596; United States v. Williams, 517 F.3d 801, 809 (5th Cir. 2008).

Henderson contends, however, that the district court did not give compelling reasons justifying the variance, especially given his history of alcohol and drug abuse, which he asserts was the cause for the offense, and the fact that, prior to sentencing, he voluntarily completed a drug-treatment program, reducing the risk of his future recidivism. However, the record shows that the district court weighed these arguments against its assessment of Henderson's history and characteristics, specifically his propensity for recidivism as demonstrated by his extensive criminal history, the fact that the instant offense occurred two years into a five-year term of probation, and his long history of drug abuse. See § 3553(a)(1). The court relied on the fact that, because the guidelines sentence for a § 924(c) conviction is the statutory minimum, Henderson's criminal history was not adequately reflected. See § 3553(a)(1) and (4). It also relied on the specific characteristics of the offense, including the fact that Henderson brandished the firearm at the victim and five other occupants of the house from which the victim was taken, the fact that the gun was stolen, and the fact that the events took place in connection with Henderson's selling cigarettes dipped in embalming fluid, which it considered to be a very dangerous

practice. See § 3553(a)(1). The district court also relied on the need for the sentence to promote respect for the law and provide adequate deterrence and public protection, citing the fact that the prior lenient sentences Henderson had received throughout his criminal past had done nothing to deter his criminal conduct. See § 3553(a)(2)(A). Additionally, the court relied on the need for just punishment, noting that the § 924(c) guideline does not permit inclusion of Henderson's other criminal conduct related to the instant offense -- carjacking and being a felon in possession of a firearm -- from being considered as relevant conduct. See § 3553(a)(2)(A).

Henderson makes no argument that the district court's consideration of the § 3553(a) factors was improper. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). He has thus not shown that the sentence imposed was unreasonable. See Gall, 128 S. Ct. at 597. He has further abandoned by failing to brief any argument challenging the extent of the variance. See Yohey, 985 F.2d at 224-25. The district court's judgment is therefore AFFIRMED.