# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20903
consolidated with
No. 07-41248
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISAEL SOBERANIS-GOMEZ

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-304-ALL
USDC No. 2:03-CR-79-4

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Isael Soberanis-Gomez appeals the sentences imposed following his conviction for unlawfully transporting aliens within the United States in violation of 8 U.S.C. § 1324, and the revocation of his supervised release. For the § 1324 offense, the district court departed upward to 46 months from the guidelines range of 24 to 30 months and then imposed a consecutive nine-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

term of imprisonment as the revocation sentence. Soberanis-Gomez challenges the sentence as unreasonable. Finding no error, we affirm.

We review sentences for reasonableness in light of the factors set out in 18 U.S.C. § 3553(a), employing an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 595; United States v. Williams, 517 F.3d 801, 808 (5th Cir. 2008). Our review is bifurcated; we look first to whether the court committed procedural error and, if not, to whether the sentence was reasonable. Williams, 517 F.3d at 808. A sentencing court does not abuse its discretion in deciding to depart upwardly when its reasons for doing so (1) advance the objectives set forth in § 3553(a)(2); and (2) are justified by the facts of the case. United States v. Rajwani, 476 F.3d 243, 249-50 (5th Cir. 2007).

The district court's departure was based on uncharged conduct, specifically unlawful reentry, which the Government agreed not to pursue as part of Soberanis-Gomez's plea agreement. The sentence of 46 months was at the low end of the range that would have applied if Soberanis-Gomez had been convicted of unlawful reentry. Soberanis-Gomez argues that the district court's sentence undermined his plea agreement and ignored the benefits that his early, pre-indictment plea conferred. He also argues that the court failed to consider his argument that his criminal history was not substantially under-represented, given that he received six points for the prior conviction; that there was nothing extraordinary about his case; and that the sentence imposed was substantially greater than necessary to satisfy the goals of § 3553(a).

The district court did not err in departing upward based on uncharged conduct dismissed as part of a plea agreement. See United States v. Newsom, 508 F.3d 731, 734 (5th Cir. 2007); United States v. Ashburn, 38 F.3d 803, 807-08 (5th Cir. 1994) (en banc). Further, the district court noted that it had considered Soberanis-Gomez's prior drug conviction, the circumstances of the instant offense, his personal circumstances, and the factors set out in § 3553(a). The

court concluded that the case warranted a departure.  We find no procedural error in the decision to depart upward.

With respect to the degree of departure and the sentence as a whole, the sentence of 46 months did not constitute an abuse of discretion.  See Newsom, 508 F.3d at 735.  We also reject the argument that the consecutive nine-month revocation sentence rendered the entire sentence unreasonable.  That sentence was within the guidelines range, and the advisory Guidelines provide for consecutive sentencing in the revocation context.  U.S.S.G. § 7B1.3(f).

The judgment of the district court is AFFIRMED.