# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50514
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADAM G THOMPSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-131-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Adam G Thompson appeals the sentence and order of restitution imposed after he pleaded guilty pursuant to a written agreement to a scheme of wire and mail fraud. 18 U.S.C. §§ 2, 1343. The Government seeks to enforce an appeal waiver contained in the plea agreement. Arguably, the magistrate judge's comments at Thompson's rearraignment rendered the appeal waiver unenforceable. See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1999).  We will assume arguendo that the waiver is unenforceable, but even so, the sentence and restitution order must be affirmed.

Thompson argues that his sentence was unreasonable because the district court upwardly departed for a reason already taken into account by the Guidelines.  We reject the Government's argument that this argument is restricted to plain error review because Thompson alerted the district court to the legal argument he makes on appeal.  Cf. United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007).  The Guidelines accounted for five or more victims for this type offense.  See U.S.S.G. 2B1.1(b)(9).  Thompson's offense involved 40 victims.  Even if this court considers the Guidelines to implicitly consider the number of victims from Thompson's offense, the district court was entitled to depart upward for the extreme circumstances of his crime.  See United States v. Williams, 517 F.3d 801, 809 (5th Cir. 2008).

Thompson's argument that the district court abused its discretion as to the amount of restitution he must make is unavailing.  In his written agreement, Thompson agreed to pay as much as $144,327.92.  See 18 U.S.C. § 3663(a)(3); United States v. Miller, 406 F.3d 323, 330 (5th Cir. 2005).  Thompson did not adequately brief his argument that the magistrate judge altered the plea agreement as to the amount of loss involved.  His argument that the plea agreement was ambiguous on this point is without merit.  The district court's order of restitution was not an abuse of discretion for the additional reason that the count to which Thompson pleaded guilty included a fraudulent scheme that resulted in a loss of $129,586.45.  See United States v. Cothran, 302 F.3d 279, 289 (5th Cir. 2002).

AFFIRMED.