# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

No. 08-50431
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FERNANDO GUERRERO-CASTANEDA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Fernando Guerrero-Castaneda (Guerrero) appeals the 48-month non-guidelines sentence imposed on April 28, 2008, following his guilty plea conviction for being found illegally in the United States after having been previously deported. 8 U.S.C. § 1326(a) and (b)(1), (2). Guerrero argues that his non-guidelines sentence is unreasonable because a guidelines sentence would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have been sufficient to meet the sentencing objectives of 18 U.S.C. § 3553(a).[1] He does not assert any procedural error. We review the substantive reasonableness of the sentence imposed by the district court under an abuse-of-discretion standard. *Gall v. United States*, 128 S.Ct. 586, 597 (2007).

At sentencing, the district court noted the extensive nature of Guerrero's criminal history, which included multiple assaults and acts of family violence. The court explicitly observed that Guerrero had almost double the number of criminal history points needed to warrant the maximum criminal history category. Even not considering a prior felony which was sufficient to itself account for the four level base offense level increase under Guidelines § 2L1.2(b)(1)(D), Guerrero's criminal history score without that felony would have been 20 or 21, well above the number (13) producing the maximum criminal history category. The district court concluded that a non-guidelines sentence was necessary in light of the seriousness and the extent of Guerrero's criminal history. Thus, the record reflects that the district court did not abuse its discretion in sentencing Guerrero, because it properly considered the 18 U.S.C. § 3553(a) factors and provided sufficiently detailed reasons for arriving at the sentence imposed. *See id.* at 596-97; *see also United States v. Williams*, 517 F.3d 801, 808-09 (5th Cir. 2008). Further, the extent of the variance was not unreasonable given the evidence before the district court. *See United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.

---

[1] The unchallenged, correctly calculated guideline range was 24 to 30 months' confinement.