**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-20549
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUSSELL MENZIES, also known as John Russell Kincaid, also known as James O'Sullivan,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-67-2

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Russell Menzies appeals the 120-month term of imprisonment imposed by the district court following his plea of guilty to being a felon in possession of a firearm. The sentence was imposed following this court's order granting the Government's motion to remand for resentencing. The 120-month sentence represented both an upward departure under the Sentencing Guidelines and an upward variance from the Guidelines sentencing range. The district court based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentence primarily on Menzies's extensive and violent criminal history and his repetitive and illegal association with firearms. Menzies challenges the sentence as substantively unreasonable.

Although "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range[,]" the court "may not presume that the Guidelines range is reasonable." *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). Instead, the court must "make an individualized assessment based on the facts presented." *Id.* at 597. The district court thus did not err by disregarding the sentencing range set forth in the Guidelines.

The district court also did not err by relying upon factors it considered under U.S.S.G. § 4A1.3 in order to impose a non-Guidelines sentence. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). The court was free to conclude that the applicable Guidelines range gave too little weight to Menzies's extremely violent history and the need for its sentence to provide just punishment and protect the public. *See United States Williams*, 517 F.3d 801, 809 (5th Cir. 2008); 18 U.S.C. § 3553(a). Given that Menzies's criminal conduct was more akin to a Category V or VI offender rather than a Category I offender, the district court also had a "significant justification" for its chosen sentence. *See Gall*, 128 S. Ct. at 597. Finally, we perceive no error in the district court's finding that Menzies had a longstanding, repetitive, and illegal association with firearms. Such finding was amply supported by the record.

AFFIRMED.