**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-61023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUPE MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-5-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lupe Martinez was convicted by a jury of conspiracy to possess with intent to distribute five grams or more of actual methamphetamine and of possession with intent to distribute five grams or more of actual methamphetamine. The district court varied upward from the Guidelines in sentencing Martinez to concurrent 240-month terms of imprisonment and to concurrent five-year periods of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez contends in this appeal that the district court erred by admitting into evidence transcripts of inaudible and unintelligible digital recordings. This contention is without merit. Evidence was presented regarding the accuracy of the transcripts and the jury was instructed about the recordings and the transcripts in accordance with this circuit's pattern jury instruction. *See United States v. Booker*, 334 F.3d 406, 412 (5th Cir. 2003). The district court did not abuse its discretion in admitting the transcripts. *Id.*

Martinez contends that the district court erred in denying his motions for a judgment of acquittal. The evidence, viewed in the light most favorable to the verdict, was sufficient to enable a reasonable juror to determine beyond a reasonable doubt that Martinez's conduct satisfied all of the elements of the drug-conspiracy count and the three drug-possession counts. *See United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir. 1992); *see also United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993); *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992). Martinez's arguments to the contrary are based primarily on his own testimony.

Martinez complains that his sentence was enhanced improperly and in violation of the Sixth Amendment on the basis of uncharged conduct found by the district court under a preponderance of the evidence standard. A "sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006) (quotation marks omitted).

Martinez argues that the district court abused its discretion in varying upward from the Guidelines because his case is a "typical heartland type of case." He contends that his sentence is "extremely harsh compared to the actual crime that was committed." Because Martinez did not object contemporaneously to the reasonableness of the sentence, we review these arguments for plain error.

2

*See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).

The district court gave a detailed explanation of its reasons for varying upward from the guidelines range. We defer to the district court's determination that its variance is justified by application of the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Williams*, 517 F.3d 801, 808-13 (5th Cir. 2008). The district court did not plainly err by imposing an unreasonable sentence. *See Peltier*, 505 F.3d at 391-92. The judgment is

AFFIRMED.