# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

No. 09-11227
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JUDY DARLENE WELCH

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CR-30-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Judy Darlene Welch appeals the 36-month sentence imposed following her conviction on a guilty plea to willfully failing to report $622,000 on a federal tax return in violation of 26 U.S.C. § 7206(1). She embezzled those funds from business partners and employers.

Welch contends her sentence is unreasonable because the district court used the nature and seriousness of the embezzlement both to impose a sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-11227

enhancement under the advisory Sentencing Guidelines and to justify a six-month upward variance from the Guidelines.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range", is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). On the other hand, an issue raised on appeal that was not raised in district court is reviewed only for plain error. *E.g.,United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

Pursuant to *Gall*, we engage in a bifurcated review, considering both the procedural propriety and substantive reasonableness of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). Welch does *not* contend that the extent of the variance rendered her sentence substantively unreasonable. Instead, she maintains her sentence is procedurally unreasonable, claiming the district court erroneously failed to recognize that the embezzlement on which it based the variance was already accounted for in the guidelines calculation in the form of the base offense level, the two-level criminal-source enhancement, and the two-level abuse-of-trust enhancement. Because Welch failed, in district court, to assert error allegedly caused by consideration of embezzlement in the base offense level and the criminal-source enhancement, those contentions are subject to review under the plain-error standard. In any event, even reviewed under the abuse of discretion standard, they fail.

2

No. 09-11227

The district court is to consider the nature, circumstances, and seriousness of the offense in determining the appropriate sentence. *See* 18 U.S.C. § 3553(a)(1)-(2) (2010). It imposed the upward variance on the ground that the advisory Sentencing Guidelines range did "not reflect the actual seriousness of the offense" because the embezzlement was *not* prosecuted and did *not* "enter into the determination of the guidelines, except insofar as the breach of fiduciary duty. . . ." The district court was entitled to base its variance upon the embezzlement, even if that offense was already accounted for in the Guidelines calculation. *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 810-11 (5th Cir. 2008) (holding that a district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence).

Moreover, the presentence investigation report, Welch's objections, and the sentencing transcript reflect that the district court fully considered and rejected Welch's objections. The district court acknowledged that the embezzlement was accounted for by the abuse-of-trust enhancement, which the court called "the breach of fiduciary duty". The court nonetheless concluded that an additional six months of imprisonment was warranted under § 3553(a) to reflect the nature and seriousness of the crime. This was not an abuse of discretion.

AFFIRMED.