**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4220**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TERRY SCOTT HYDER, a/k/a Ryan Terry Hyder, a/k/a Ryan Fred
Wilson,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:10-cr-00070-MR-1)

_____

Submitted:  November 30, 2012     Decided:  December 17, 2012

_____

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for
Appellant.  Anne M. Tompkins, United States Attorney, Melissa L.
Rikard, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2012), the district court sentenced Terry Scott Hyder to eighty-four months' imprisonment, which reflected a twenty-one-month variance above Hyder's advisory Guidelines range. On appeal, Hyder challenges the substantive reasonableness of this sentence. For the reasons that follow, we affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 81 U.S.L.W. 3164 (U.S. Oct. 1, 2012) (No. 11-10786); see Gall v. United States, 552 U.S. 38, 51 (2007). When evaluating a sentence for substantive reasonableness, we consider whether the sentencing court abused its discretion in concluding that the relevant 18 U.S.C. § 3553(a) (2006) sentencing factors supported the selected sentence "and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56.

When the district court imposes a departure or variance sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence

2

from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted), cert. denied, 131 S. Ct. 2946 (2011).

We discern no abuse of discretion in the district court's decision to vary upward from Hyder's advisory Guidelines range to impose an eighty-four-month sentence. Having sustained one of Hyder's objections to the calculation of his advisory Guidelines range, Hyder's revised sentencing range was 51-63 months' imprisonment. The district court first opined that this range did not adequately reflect the seriousness of the offense. Specifically, Hyder's scheme defrauded multiple victims of more than $775,000. Four of Hyder's victims were over the age of seventy, and the youngest victims were in their mid-fifties. Also supporting the upward variance was the fact that the conduct underlying this offense was very similar to that involved in Hyder's prior federal mail fraud conviction. The court was also vexed by the fact that Hyder was serving his term of supervised release for the mail fraud offense during the

3

instant offense conduct. Thus, the court surmised, the fifty-six-month sentence Hyder received on the mail fraud conviction did not have a sufficient deterrent effect and a longer period of incarceration was necessary to adequately deter Hyder from future fraudulent conduct and to protect the public.

In summary, the district court concluded that a eighty-four-month sentence was necessary pursuant to the relevant § 3553(a) factors, which included the seriousness of the offense, § 3553(a)(2)(A); the history and characteristics of the defendant, § 3553(a)(1); and the need to both protect the public and deter future criminal conduct. 18 U.S.C. § 3553(a)(2)(B), (C). Because the district court amply justified both its variance decision and the extent thereof, we conclude there was no abuse of discretion.

Hyder contends that the district court's reliance on these sentencing factors was unreasonable, though, because they were already accounted for in the calculation of his advisory Guidelines range. We disagree. As the Fifth Circuit has explained, post-Booker[*] Supreme Court precedent permits a sentencing court to "rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence." United States v. Brantley, 537 F.3d 347, 350 (5th Cir. 2008) (citing

_____

[*] United States v. Booker, 543 U.S. 220 (2005).

4

United States v. Williams, 517 F.3d 801, 810-11 & n.5 (5th Cir. 2008)); accord United States v. Williams, 526 F.3d 1312, 1323-24 (11th Cir. 2008).

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED