# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51344
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILMER ALFREDO NAVARRO-DOBLADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1611-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wilmer Alfredo Navarro-Doblado appeals the 21-month term of imprisonment imposed following his guilty plea to illegally reentering the United States. He raises a single issue on appeal. He argues that the 21-month term of imprisonment imposed by the district court was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). Although Navarro-Doblado was given credit for time served and he has since been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

released from imprisonment, his appeal is not moot because he is subject to a three-year term of supervised release which would not be "immune to modification by the district court" on remand. *See United States v. Lares-Meraz*, 452 F.3d 352, 354 (5th Cir. 2006).

The Guidelines should be the "starting point and initial benchmark" in determining a defendant's sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). A sentencing court may not, however, presume that the Guidelines range is reasonable. *Id*. at 50. Rather, the court must make an "individualized assessment" based on the facts presented, giving due consideration to all of the § 3553(a) factors. *Id*. at 49-50. "This necessarily means that the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, either as applied in a particular case or as a matter of policy." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

Although the district court voiced concern about the treatment of prior offenses under the new Guidelines, it expressly acknowledged that the guideline range of six- to 12-months was applicable to Navarro-Doblado. The court also considered Navarro-Doblado's arguments for a lower sentence, including the reason for his illegal reentry and his cooperation with authorities upon apprehension. The court's determination that Navarro-Doblado's criminal history should be given more weight than the mitigating factors advanced by him was not an abuse of discretion. *See Williams*, 517 F.3d at 809; *see also United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (concluding that sentencing judge did not abuse her discretion in giving appellant's criminal history more weight than mitigating factors). The judgment of the district court is AFFIRMED.