# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10207
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL HERRERA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-185-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joel Herrera-Garcia appeals the 14-month sentence imposed after he pleaded guilty to being in the United States illegally after deportation. The sentence was an upward variance from the advisory guideline maximum sentence of eight months.

Herrera-Garcia has failed to show that the sentence was substantively unreasonable. He argues that the district court improperly weighed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10207

sentencing factors of 18 U.S.C. § 3553(a) and based the variance on criminal history that had already been taken into account in the guideline calculation. He asserts that his criminal history consists of "relatively minor, nonviolent offenses." This argument is unavailing because a sentencing court may disagree with the Guidelines on policy grounds and may conclude that the Guidelines give too little or too much weight to one or more sentencing factors. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Ultimately, Herrera-Garcia invites us to adopt his assessment of the sentencing factors rather than the district court's. This is contrary to the required deferential review mandated by the Supreme Court, even if this court might think that a lesser sentence would have been reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is affirmed.

The parties agree that Herrera-Garcia's request that the judgment be corrected is moot. The district court has ordered that the judgment be corrected to show that Herrera-Garcia was convicted under 8 U.S.C. § 1326(a) and not § 1326(b). This part of the appeal is dismissed.

AFFIRMED IN PART; DISMISSED IN PART.