# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY STRONG, also known as Gary,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-52-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Anthony Strong pleaded guilty to being a felon in possession of a firearm. The presentence report calculated Strong's recommended guidelines range of 46 to 57 months in prison. The Government filed a motion for a variance above the guidelines range. The district court imposed a sentence of imprisonment of 80 months and a 3-year term of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60405

Strong challenges his conviction arguing that the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(M). The district court did not inform Strong of the possibility of a variance from the advisory Sentencing Guidelines. As Strong concedes, because he did not object in the district court to its failure to comply with Rule 11, review is for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish that his substantial rights were affected, the defendant "must show a reasonable probability that, but for the [Rule 11] error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Considering the entire record, Strong has not shown that the district court's Rule 11 error would have caused him to go to trial rather than plead guilty. *See Dominguez Benitez*, 542 U.S. at 83; *Vonn*, 535 U.S. at 59.

Strong challenges his above-guidelines sentence as substantively unreasonable. A non-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation marks and citation omitted); *Gall v. United States,* 552 U.S. 38, 49-51 (2007). Strong argues that his violent nature was adequately represented in the guidelines calculation and that the district court considered an improper factor in varying from the recommended range. In *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008), we rejected Strong's argument. Strong has presented nothing to show that the district court erred in giving significant weight to his violent record in finding that he was a danger to others. *See* 18 U.S.C. § 3553(a); *Gall,* 552 U.S. at 49-51; *Chandler*, 732 F.3d at 437; *Williams*, 517 F.3d at 810-11.

2

No. 17-60405

Strong also argues that the degree of the upward variance was unreasonable under the totality of the circumstances. Based on the totality of the circumstances, and giving deference to the district court's determination that Strong's violent history warranted the extent of the variance, the sentence was substantively reasonable. *See United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011).

AFFIRMED.