# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-30956
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LARRY ANDREW COX

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20130-1

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Andrew Cox appeals the sentence imposed following his guilty plea conviction of sexual abuse of a minor who was over twelve years of age but less than 16 years of age, in violation of 18 U.S.C. § 2243(a)(1). Cox argues that the district court abused its discretion by imposing an unreasonable sentence of 76 months of imprisonment, more than three times the upper end of the guidelines range of 18 to 24 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that Cox did not present this issue in the district court and therefore plain error review governs this appeal. We need not determine whether Cox forfeited the issue because the judgment withstands scrutiny even under the abuse-of-discretion standard. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

As Cox has not argued that procedural error exists, see id., this court considers the substantive reasonableness of the sentence under the abuse-of-discretion standard. See id.; United States v. Brantley, 537 F.3d 347, 349 (5th Cir. 2008). The district court properly used the unchallenged guidelines range as the starting point and initial benchmark. See United States v. Gall, 128 S. Ct. 586, 596 (2007). The district court then properly considered the sentencing factors of § 3553(a), explaining in detail why the guidelines range was insufficient. See id. While the district court indicated that the sentence could be either an upward departure or a variance, because the following analysis shows that Cox's sentence is reasonable under the totality of the relevant statutory factors, the specific characterization is irrelevant. See Brantley, 537 F.3d at 349.

After conducting an extensive review of the presentence report's unchallenged facts, the district court determined that the sentencing factors of § 3553(a) required a sentence outside of the guidelines range. The district court cited the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the need for the sentence to afford adequate deterrence to criminal conduct, and the need for the sentence to protect the public from further crimes of the defendant. See § 3553(a)(1), (a)(2)(A)-(C). The district court made specific findings regarding why the guidelines range was inadequate in light of these § 3553(a) factors, including that the 13-year-old victim was vulnerable, the crime occurred on a military base, and Cox had

exposed himself to an 18-year-old on a military base. The district court determined that Cox's history revealed a pattern of predatory conduct and a sentence within the guidelines range was inadequate to serve as a deterrent and protect others from Cox.

In light of the district court's findings, Cox's arguments are not persuasive. Exceptional circumstances are not needed to justify a departure. Gall, 128 S. Ct. at 596; United States v. Williams, 517 F.3d 801, 811 (5th Cir. 2008). The district court explained in detail why the guidelines sentence was insufficient. Finally, Cox's sentence of 76 months of imprisonment is less than half the statutorily authorized sentence of 15 years of imprisonment, and the extent of the variance is consistent with other sentences that this court has affirmed. See § 2243(a); Brantley, 537 F.3d at 348-50; United States v. Smith, 440 F.3d 704, 708 n.5, 709-10 (5th Cir. 2006); United States v. Jones, 444 F.3d 430, 433 (5th Cir. 2006).

In light of the record and the deference that this court affords to the district court's findings, the district court did not abuse its discretion by concluding that a 76-month sentence was reasonably necessary to achieve the objectives of § 3553(a). See Williams, 517 F.3d at 812-13.

The judgment of the district court is AFFIRMED.