IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-50906
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CARLOS BRAVO, also known as Juan Bravo-Hernandez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-713-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Bravo appeals his guilty plea conviction and sentence for
illegally reentering the United States after deportation, in violation of 8 U.S.C.
§ 1326.

Bravo argues on appeal that his above-guidelines sentence of 36 months
of imprisonment was unreasonable because the district court improperly based
it on prior convictions that already had been taken into account by the
sentencing guidelines rather than on a balancing of the 18 U.S.C. § 3553(a)

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing factors. This issue was not raised below and is hence reviewed only for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007). Although the district court imposed a sentence that was substantially higher than the guidelines range, it properly considered the § 3553(a) factors and was not prohibited from determining that, in the instant case, the guidelines did not adequately reflect the § 3553(a) factors. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Williams, 517 F. 3d 801, 809-11 & n.55 (5th Cir. 2008). Accordingly, Bravo has failed to show that the district plainly erred in sentencing him above the guideline range of imprisonment. See Gall, 128 S. Ct. at 594, 596-97.

While conceding that the argument is foreclosed by circuit precedent, see United States v. Mejia-Huerta, 480 F.3d 713 (5th Cir. 2007), cert. denied, 128 S. Ct. 2954 (2008), Bravo asserts that the district court erred in failing to provide him with notice before imposing his above-guidelines sentence. The Supreme Court has rejected this argument. United States v. Irizarry, 128 S. Ct. 2198, 2202-04 (2008).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Bravo also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

The judgment of the district court is AFFIRMED.