IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-20423
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIQUEL REA-HERRERA, also known as Miguel Angel Rea, also known as Jose
Alfredo Pena, also known as Jose Garza

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-29-1

Before DAVIS, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Miquel Rea-Herrera appeals the non-Guidelines sentence imposed by the
district court following his guilty-plea conviction for illegal reentry after
deportation in violation of 8 U.S.C. § 1326. For the following reasons, we affirm
the judgment of the district court.

Rea-Herrera first contends that the 16-level enhancement to his
Guidelines offense level was improper because the Texas conviction on which it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was based—felony assault of a family member in violation of TEX. PENAL CODE ANN. § 22.01—is not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The Government concedes that the 16-level enhancement was error pursuant to this court's opinion in United States v. Villegas-Hernandez, 468 F.3d 874, 882 (5th Cir. 2006), cert. denied, 127 S. Ct. 1351 (2007).  The Government argues, however, that a reversal of Rea-Herrera's sentence is not required.

Like the defendant in United States v. Bonilla, 524 F.3d 647, 655 (5th Cir. 2008), petition for cert. filed (Oct. 3, 2008) (No. 08-6668), Rea-Herrera argued to the district court that without the crime-of-violence enhancement, his total offense level and Guidelines range would have been lower, thus notifying the district court of the range both before and after the enhancement.  Moreover, because in this case the district court indicated that it would have imposed the same sentence even without the 16-level enhancement, Rea-Herrera's sentence was not the result of the district court's erroneous application of the Guidelines, and a reversal is therefore not required.  See id. at 655-57.

Rea-Herrera next argues that the district court's reasons for the upward variance did not justify the non-Guidelines sentence imposed, which was more than three times higher than the properly calculated Guidelines range.  He also argues that it was improper for the court to consider his 2006 arrest because the charge was dismissed for insufficient evidence and that it was improper to cite sentencing disparity as a ground for the variance because the Guidelines had already taken into account his offense and criminal history.

The district court articulated myriad grounds under 18 U.S.C. § 3553(a) for the upward variance, the non-Guidelines sentence was less than the statutory-maximum sentence under § 1326, and the extent of the variance is consistent with other sentences that we have affirmed.  See United States v. Williams, 517 F.3d 801, 812 (5th Cir. 2008); United States v. Brantley, 537 F.3d 347, 348-50 (5th Cir. 2008); United States v. Jones, 444 F.3d 430, 433-34, 441-42 (5th Cir.), cert. denied, 548 U.S. 915 (2006), United States v. Smith, 417 F.3d

483, 492 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005). In light of the record and the deference that we afford to the district court's findings, the district court did not abuse its discretion by concluding that a 86-month sentence was reasonably necessary to achieve the objectives of § 3553(a). See Williams, 517 F.3d at 812-13.

Finally, Rea-Herrera argues that the district court violated FED. R. CRIM. P. 32(e) and (i) and his right to due process when it denied his motion to provide him with the probation officer's sentencing recommendation. The district court's compliance with Rule 32 is a question of law subject to de novo review. United States v. Medina, 161 F.3d 867, 874 (5th Cir. 1998). Rea-Herrera has not cited any persuasive authority to support his conclusory argument that the district court abused its discretion under that local rule or violated his right to due process. The district court's judgment is AFFIRMED.