**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50940
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LARRY DARNELL NUNEZ, also known as Laylow

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-146-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Darnell Nunez appeals following his guilty plea conviction for possession with the intent to distribute crack cocaine. He argues that the district court abused its discretion by sentencing him to an above-guidelines sentence of 200 months of imprisonment.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors set forth in 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Because Nunez does not challenge the procedural correctness of his sentence, *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), this court may proceed to an examination of the substantive reasonableness of the sentence, under an abuse-of-discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007); *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

Contrary to Nunez's assertions, his prior offenses were serious in nature and, as noted by the district court, represented an obvious and lengthy disrespect for the law. The offense of conviction also was serious, as it involved 11 distributions of significant amounts of crack cocaine, which ended only with Nunez's arrest. Moreover, although Nunez claims that the advisory sentencing range set forth by the Sentencing Guidelines for the crack offense was greater than necessary, he has failed to show that the range has been declared invalid by this or any other court. Because the district court considered the § 3553(a) factors and gave sufficient reasons for its decision to impose a nonguidelines sentence, Nunez's sentence is not substantively unreasonable and is AFFIRMED.