**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2009

Charles R. Fulbruge III
Clerk

No. 09-40205
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BAUDEL ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-229-5

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Baudel Ortiz pleaded guilty to conspiracy to transport undocumented aliens within the United States for private financial gain by means of a motor vehicle. The district court departed upward or varied from the guidelines range in imposing a statutory maximum 120-month term of imprisonment. Ortiz has appealed his sentence, arguing that the district court imposed an unreasonably harsh sentence. He contends that the district court failed to explain adequately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its reasons for upward departure or variance and that the extent of the departure or variance is not supported by the facts relied upon by the district court. We have reviewed these contentions for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-94 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).

Ortiz was a leader of an extensive conspiracy involving the transportation of many aliens under dangerous circumstances. In determining the sentence, the district court considered and applied the sentencing factors of 18 U.S.C. § 3553(a) and it explained in detail why application of those factors to the facts of this case supported imposition of a statutory maximum sentence that involved an upward departure or a variance from the guidelines imprisonment range. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008); *see also United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). The sentence imposed "was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quotation marks omitted). The judgment is

AFFIRMED.