# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-50092
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS ALBERTO HENRIQUEZ-VILLAFUERTE, also known as Oscar
Polanco-Salas, also known as Victor Manuel Ortiz

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2762-ALL

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Henriquez-Villafuerte (Henriquez) was convicted of reentering the United States illegally following deportation and has appealed his sentence. Henriquez contends that the non-guidelines sentence imposed by the district court was unreasonable. Because Henriquez did not object in the district court to the reasonableness of the sentence, our review is for plain error. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). In reviewing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness of the sentence we consider the totality of the circumstances and the extent of the district court's variance from the guidelines range. *Id.* We give "considerable deference" to the district court's determination of the appropriate sentence based on the 18 U.S.C. § 3553(a) factors. *See United States v. Williams*, 517 F.3d 801, 812 (5th Cir. 2008).

Henriquez argues that it was improper for the district court to make assumptions about the reasons for the imposition of the sentence related to a prior illegal-reentry conviction. Henriquez speculates that the 70-month sentence in that case may have been "improperly calculated" and that the record did not establish that the more lenient guidelines sentence in the instant case resulted from a change in the law, as the district court supposed. Henriquez argues that the guidelines sentence accounted adequately for the statutory sentencing factors.

The district court's express reasons for imposing the 60-month term of imprisonment in this case reflect that it considered the seriousness of the offense, Henriquez's lack of respect for the law, and the need to provide just punishment for the offense and to deter and protect the public from future criminal conduct. *See* § 3553(a). Henriquez has not shown that the district court committed plain error in imposing the sentence. *See Brantley*, 537 F.3d at 350.

Henriquez contends also that, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the sentencing enhancement of 8 U.S.C. § 1326(b) is unconstitutional. Henriquez acknowledges that this issue is foreclosed by *Alemendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); he has raised the issue to preserve it for further review. *See United States v. Fambro*, 526 F.3d 836, 851 & n.96 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008); *United States v. Pineda-Arrellano*, 492 F.3d 624, 626 (5th Cir. 2007). The judgment is

AFFIRMED.