# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2010

Lyle W. Cayce
Clerk

No. 09-10626
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DANIEL VARGAS-VELASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CR-76-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Daniel Vargas-Velasquez (Vargas) appeals the 75-month sentence imposed following his guilty plea conviction for illegal reentry after deportation. The district court imposed an upward variance from the guidelines range of 21 to 27 months based, inter alia, on Vargas's history and characteristics, which included numerous convictions that were too old to be counted when computing his criminal history score. Vargas presents two arguments: (1) that the district court's reasons for his sentence were inadequate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the court failed to explain why it disagreed with the Sentencing Commission's decision not to include aged convictions when calculating a defendant's criminal history score; and (2) that his sentence was unreasonable because the district court failed to consider a factor that should have received significant weight, his ability to earn a steady income.

Vargas's first claim, that the district court procedurally erred by not adequately explaining its reasons for disagreeing with the Commission, is unpersuasive. The district court's reasons for the upward variance were fact-specific and consistent with the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). In particular, the district court carefully weighed the § 3553(a) factors and articulated sufficiently compelling reasons to justify the 75-month sentence. The court noted his four prior DWI convictions; his six prior convictions that were not used to calculate his criminal history category; his prior convictions for resisting arrest, including assaulting a peace officer; his prior drug conviction; his evident lack of respect for the law; the need for deterrence; and the need to protect the public. The district court's reasons were sufficient to justify the variance and the extent and to satisfy the requirement that the court give reasons to permit meaningful appellate review. *See Smith*, 440 F.3d at 707. Accordingly, Vargas has not shown plain error in connection with the district court's reasons. *See United States v. Peltier*, 505 F.3d 389, 391-94 (5th Cir. 2007).

Vargas's second claim, that his sentence is unreasonable, is likewise unavailing. The district court made the required individualized assessment and was free to conclude, as it did, that in Vargas's case the guidelines range gave insufficient weight to some of the sentencing factors, including his history and characteristics, the seriousness of the offense, the need to provide just punishment, and the need for deterrence. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008); § 3553(a). Furthermore, although Vargas contends that the court did not consider a factor that should have been afforded

significant weight, that is, his ability to earn a steady income, he presents no convincing argument that this factor is substantial enough that it should have been weighted more heavily. *See Smith*, 440 F.3d at 708. Accordingly, Vargas has not established that his sentence was unreasonable.

The district court's judgment is AFFIRMED.