# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

Lyle W. Cayce
Clerk

No. 09-11204
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC HERNANDEZ-PUENTES, also known as Eddy Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CR-49-1

Before KING, DeMOSS, and DENNIS, Circuit Judges

PER CURIAM:[*]

Eric Hernandez-Puentes (Hernandez) appeals his sentence of 30 months of imprisonment, following his guilty plea conviction to illegal reentry into the United States. He argues, as he did in the district court, that the sentence, which exceeded the advisory guidelines range, is substantively unreasonable.

Sentences are reviewed for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Hernandez does not argue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court committed any procedural error; thus, we need only review the substantive reasonableness of his sentence. *See Gall*, 552 U.S. at 51.

Hernandez argues that his above-guidelines sentence is substantively unreasonable because the advisory guidelines range adequately accounted for his prior criminal history, including the nature and recency of his past crimes. The Supreme Court, however, has "implicitly rejected the position that no additional weight could be given to factors included in calculating the applicable advisory Guidelines range, since to do otherwise would essentially render the Guidelines mandatory." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Moreover, the district court's oral and written reasons reflect that the court considered the guidelines; the policy statements; and the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense of conviction, Hernandez's history and characteristics, and the need for the sentence to provide adequate deterrence and to protect the public from further criminal conduct by Hernandez. The district court noted that Hernandez's criminal history reflected several crimes which were not included in the guidelines calculations and which, as a whole, reflected that Hernandez had a lack of respect for the law.

In sum, the district court did not abuse its discretion. The sentence imposed "was reasonable under the totality of the relevant statutory factors". *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (upholding an upward variance based on the nature and characteristics of the defendant and his criminal history).

AFFIRMED.