**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2012

Lyle W. Cayce
Clerk

No. 11-40685
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CALVIN ANTHONY WATSON,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-168-2

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Calvin Anthony Watson was indicted on one count of conspiracy to possess with intent to distribute less than 50 kilograms of marijuana, possessing with intent to distribute less than 50 kilograms of marijuana, and being found unlawfully present in the United States after having been deported. Watson pleaded guilty, pursuant to a plea agreement, to the charge of being found unlawfully present in the United States. The district court sentenced him to a 110-month prison term, which was 39 months higher then the top end of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advisory guidelines range. The court also revoked Watson's supervised release and sentenced him to a consecutive 10-month prison term.

Watson appeals his sentence, arguing that it is substantively unreasonable. Because he did not object in the district court, our review is for plain error. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). To prevail, Watson must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We then have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An above-guidelines sentence is unreasonable if it either "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier,* 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). We also consider the extent of the variance from the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

In Watson's view, the court did not specify which of his characteristics or precisely what about his history warranted such a high sentence. However, the district court found Watson to be a liar and an "extremely dangerous" criminal who had not learned his lesson even after a lengthy prison sentence, specifically remarking on lies he told to the courts, the extent of the drug conspiracy he had been involved in, the facts surrounding an attempted murder he had committed, and his problem with assaults while in prison.

Watson also contends that the danger to the public posed by his illegal reentry is not high and a within-guidelines sentence would have been sufficient to deter him from reentering the United States. The district court determined that the nature of Watson's current offense was outweighed by other concerns including his history and characteristics, the need for deterrence and the need to protect the public. Watson's disagreement with the district court's weighing

of the various sentencing factors does not amount to a showing that the court erred, plainly or otherwise. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that appellate courts will give "due deference" to the district court's assessment of sentencing factors).

The district court, Watson argues, erred by taking into account that he possessed marijuana despite that the related charges were dismissed and his codefendant testified that Watson did not pay her to transport the drugs. However, statements in the presentence report and from Watson and defense counsel at sentencing supported it, and so there was no clear or obvious error. *See Puckett*, 556 U.S. at 135; *see also United States v. Goncalves*, 613 F.3d 601, 605 (5th Cir. 2010) (explaining that facts supporting a sentence must be found by a preponderance of the evidence). Moreover, given the court's consideration of the myriad of factors supporting an above-guidelines sentence, Watson cannot show a violation of his substantial rights. *See United States v. Williams*, 620 F.3d 483, 495-96 (5th Cir. 2010), *cert. denied*, 131 S. Ct 1534 (2011).

Next, Watson contends that the guidelines calculation had already taken into account his prior offenses and so the district court should not have increased the sentence on that basis, but district courts are free to vary upward based on factors already taken into account by the Guidelines. *United States v. Williams*, 517 F.3d 801, 811-12 (5th Cir. 2008). Finally, to the extent that Watson argues that the his consecutive sentences for being found illegally present on the United States and upon revocation of supervised release produce an unreasonable total prison term, this court has rejected similar arguments. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008)

Although the sentence imposed by the district court represents a substantial increase from the guidelines range, the district court was in the best position to judge Watson and the circumstances of the offense, and the reasons given by the district court sufficiently support the sentence. *See Williams*, 517 F.3d at 812-13. Accordingly, the judgment is AFFIRMED.