# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2012

No. 11-30740
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLISON HARGRAVE,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-164-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Dr. Allison Hargrave pleaded guilty, pursuant to a plea agreement, to one count of attempting to entice a minor to engage in criminal sexual activity. Hargrave, a school counselor, admitted that she sent sexually explicit emails and text messages to a 14-year-old student she counseled and that she engaged in sexual activities with the student. She received a 360-month prison sentence, which was significantly above the advisory guidelines range of 135 to 168 months of imprisonment. She now challenges that sentence, arguing that it is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable.  Under any standard of review, we affirm. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2006).

An above-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Peltier*, 505 F.3d at 392 (internal quotation marks and citation omitted).  We also consider the extent of the variance from the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  "Appellate review for substantive unreasonableness is highly deferential." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011) (internal quotation marks and citation omitted).

First, Hargrave contends that the evidence that she put forward at sentencing, including the testimony of a psychiatrist that she suffered from mental illness, letters of support from community members, and a statement admitting guilt, militated in favor of a lower sentence.  The district court explicitly stated that it took this evidence into account.  It merely determined that these mitigating factors were outweighed by other sentencing factors including the "horrific" nature of the crime and the need to promote respect for the law and impose just punishment.  Notably, the child victim testified at the sentencing.  Hargrave's arguments amount to a  disagreement with the weight the court gave to the sentencing factors and do not establish that the court erred. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007) (explaining that appellate courts will not reweigh the sentencing factors); *United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir. 2011) (holding that a district court does not err by weighing some § 3553(a) factors more heavily than others) .

Second, explaining that the victim suffered from emotional problems even before she met Hargrave, Hargrave faults the district court for relying on the fact that the victim continued to suffer these troubles after the abuse to justify the higher sentence.  The court, though, recognized that the victim suffered from

emotional problems when she met Hargrave, but determined that this was an aggravating factor because Hargrave exploited the victim despite Hargrave's knowledge of the victim's mental state. "'[T]he sentencing court is in a better position to find facts and judge their import under the 18 U.S.C. § 3553(a) factors with respect to a particular defendant.'" *Scott,* 654 F.3d at 555 (quoting *Hernandez*, 633 F.3d at 375). Hargrave also argues that the impact of the crime on the victim was taken into account by the Sentencing Guidelines and thus did not justify an enhanced sentence. However, even if the district court did rely on factors that were already taken into account by the Guidelines, this was not improper. *See United States v. Williams*, 517 F.3d 801, 810-11 (5th Cir. 2008).

Third, Hargrave argues that the Government failed to provide evidentiary support for arguments it made at sentencing that Hargrave was a predator and that a high sentence would deter teachers from preying on students. However, nothing in the court's discussion of its sentence suggests that it made these findings or based its sentence on these assertions.

Although the sentence is significantly above the guidelines range, the district court tied its reasons to specific facts and particular § 3553(a) factors, and the reasons sufficiently support the extent of the variance. *See Williams*, 517 F.3d at 812-13. The court carefully considered what sentence would be most appropriate, explicitly rejecting both a within-guidelines sentence and also the statutory maximum sentence. The court made an individualized assessment and was free to conclude, as it did, that in Hargrave's case the guidelines range gave insufficient weight to some of the sentencing factors. *See id*. at 809.

AFFIRMED.