**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5102**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

            v.

SEAN DARNELL FOWLKES,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:10-cr-00332-CCB-1)

Submitted:  July 24, 2012              Decided:  August 29, 2012

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew R. Szekely, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Darnell Fowlkes was convicted of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g) (2006), and sentenced to sixty months in prison. He now appeals his sentence, claiming that it is substantively unreasonable. We affirm.

Fowlkes' advisory Guidelines range was 41-51 months. The district court gave a lengthy explanation for imposing the variance sentence of sixty months. Among other things, the court mentioned the serious nature of the offense and observed that Fowlkes possessed the gun and ammunition "within a couple of years" of his release on parole from a state sentence. Additionally, the court was troubled by Fowlkes' significant criminal record, which included drug possession, battery, and assault. Finally, the court expressed its concern that Fowlkes had demonstrated no remorse or acceptance of responsibility. The court concluded that a sixty-month sentence was necessary to deter future criminal behavior and to protect the public.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires evaluation of both the procedural and substantive reasonableness of the sentence. United States v. Lynn, 592 F.3d 572, 575 (4th Cir.

2

2010). Fowlkes does not challenge the procedural reasonableness of his sentence.

In evaluating a sentence for substantive reasonableness, we consider "whether the sentence was reasonable — i.e., whether the [d]istrict [j]udge abused [her] discretion in determining that the [18 U.S.C.] § 3553(a) [(2006)] factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. The analysis requires us to "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51.

We conclude that the district court did not abuse its discretion in imposing a variance sentence of sixty months. The court properly considered and fully explained its decision pursuant to the § 3553(a) factors, relying especially on § 3553(a)(1) (nature and circumstances of the offense and history and characteristics of the defendant). As the court stated, the offense was serious, Fowlkes had a significant criminal record, and he had demonstrated no remorse. Additionally, the court recognized the need to both protect the public, § 3553(a)(2)(C), and deter criminal conduct in the future, § 3553(a)(2)(B). We reject Fowlkes' claim that his sentence is unreasonable because several of the factors upon which the district court relied were already taken into account

3

by his criminal history score. Sister circuits have rejected similar arguments. <u>See</u> <u>United States v. Williams</u>, 526 F.3d 1312, 1323-24 (11th Cir. 2008); <u>United States v. Williams</u>, 517 F.3d 801, 809 (5th Cir. 2008).

We accordingly affirm. Fowlkes' motions to file a pro se supplemental brief and an amendment to that brief, to place case in abeyance, and to relieve counsel are denied. Counsel's motion to withdraw is denied at this time. This court requires that counsel inform Fowlkes, in writing, of his right to petition the Supreme Court of the United States for further review. If Fowlkes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fowlkes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4