**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2013

Lyle W. Cayce
Clerk

No. 12-60484
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIE FRANKLIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:11-CR-156-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Elie Franklin appeals the 84-month above-guidelines sentence imposed by the district court following his guilty plea conviction for failure to register as a sex offender. He asserts that the sentence was unreasonably long given that the advisory guidelines range was 33 to 41 months of imprisonment and that the district court erred in basing the sentence in part on information in the Presentence Report (PSR) ¶ 95 that he had sexual relations with a woman without informing her that he was HIV positive.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Neither the district court's oral reasons nor the Statement of Reasons clearly indicates that the district court based Franklin's sentence in part on the information in PSR ¶ 95. However, even if the district court based the sentence in part of this conduct, Franklin has not shown that the sentence was substantively unreasonable for that reason. Under 18 U.S.C. § 3661, there is no limit on the information concerning a defendant's background, character, and conduct that a sentencing court may receive and consider for sentencing purposes. *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). There was reliable evidence in the record on which the district court could rely to find by a preponderance of the evidence that Franklin had sexual relations with a woman without informing her that he was HIV positive, including the woman's testimony at Franklin's detention hearing and her written statement introduced at Franklin's sentencing hearing. *See United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009). Although Franklin was not arrested or convicted for this conduct, this case is analogous to *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.2008), in which this court affirmed a sentence based in part on the defendant's prior arrests where the arrests were deemed reliable because the underlying charges were corroborated by more than half a dozen deportations. This case is distinguishable from *United States v. Johnson*, 648 F.3d 273, 277-78 (5th Cir. 2011)(holding that it is error for a sentencing court to consider a defendant's bare arrest record without more in imposing a sentence), because there was reliable evidence in the record to support the information in the PSR concerning Franklin's prior conduct. Therefore, to the extent that the district court based Franklin's sentence in part on this prior conduct, the district court did not err in considering this information because it was based on reliable evidence. *See, e.g., Lopez-Velasquez*, 526 F.3d at 807; *Whitfield*, 590 F.3d 325, 367.

The 84-month sentence was not otherwise substantively unreasonable. The district court expressly relied on the advisory guidelines range, the statutory

penalties, and the 18 U.S.C. § 3553(a) factors, focusing primarily on Franklin's extensive criminal history and numerous parole violations, the seriousness of the instant offense, the need to provide just punishment, and the need to protect the public from further crimes by him. Although the upward variance was significant, this court has affirmed more significant deviations. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 812 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

AFFIRMED.