# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-51005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR CERDA CONTRERAS, also known as Victor Contreras-Cerda,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1598-1

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Cerda Contreras appeals the 36-month sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He contends that the district court's upward variance from the recommended guidelines range of 24 to 30 months to a sentence of 36 months was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51005

Sentences are reviewed first for procedural error and then for substantive reasonableness, which is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 49–51 (2007). Because Contreras did not object to the substantive reasonableness of the sentence imposed, however, the standard of review is the more deferential plain error standard. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Under the plain error standard, this court "may correct the sentencing determination only if (1) there is error (and in light of *Booker*, an 'unreasonable' sentence equates to a finding of error); (2) it is plain; and (3) it affects substantial rights." *Id.* (citation omitted). Further, even if the defendant establishes plain error, we do not exercise our discretion to correct the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation, quotation marks, and modification omitted).

Contreras argues that, although it was proper for the district court to consider his "uncounted criminal history," the sentence imposed was "greater than necessary to achieve the [18 U.S.C. § 3553(a)] purposes" because the prior convictions "were remote in time," and they were "for driving while intoxicated or driving while license suspended." Contreras also argues the sentence "overstates the seriousness of his illegal reentry," as the offense was not "a crime of violence," "did not pose a danger to others," and "was not evil in itself." Finally, Contreras argues his sentence did not take into account some of his personal circumstances.

The 36-month sentence imposed by the district court is not substantively unreasonable. The record reflects that the district court based its decision to vary upwards on permissible factors that advanced the objectives set forth in Section 3553(a). Such factors include (i) the nature and circumstances of the offense; (ii) the seriousness of the offense; (iii) the history and characteristics

No. 15-51005

of Contreras; (iv) the need to promote respect for the law and provide just punishment for the offense; (v) the need to deter future criminal conduct; (vi) the need to protect the public; and (vii) the need to provide Contreras with needed correctional training and treatment. *See* 18 U.S.C. § 3553(a). The district court was free to conclude that, in Contreras's case, the guidelines range gave insufficient weight to some of those factors. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Specifically, Contreras's unscored prior convictions and prior conviction for illegal reentry supported the district court's conclusion that an upward variance was needed to promote respect for the law and to deter future criminal conduct. *See United States v. Fraga*, 704 F.3d 432, 440–41 (5th Cir. 2013). Furthermore, the 6-month upward variance was small in relation to the upper end of the recommended guidelines sentence of 30 months. *See, e.g., United States v. McElwee*, 646 F.3d 328, 344–45 (5th Cir. 2011); *United States v. Saldana*, 427 F.3d 298, 315–16 (5th Cir. 2005).

Additionally, there is no merit to Contreras's contention that the district court plainly erred in imposing a variance because his offense was non-violent or not serious. *See, e.g., United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Finally, Contreras's argument that his sentence was unreasonable based on his "personal circumstances" may serve to illuminate why Contreras has a history of criminal behavior, but it does little to show why the district court's decision to impose a non-Guidelines sentence constitutes plain error.

AFFIRMED.