# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRE HUGH SAUNDERS, also known as David Turner,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-240-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Andre Hugh Saunders appeals his above-guidelines 78-month sentence imposed following his guilty plea to one count of mail fraud. He argues that his sentence is substantively unreasonable because the district court erroneously determined that the guidelines enhancement for vulnerable victims did not sufficiently take into account the multiple victims and the serious harm caused to them by the fraudulent scheme.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10379

Generally, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 51 (2007). However, Saunders did not challenge in the district court the above-guidelines sentence based on the district court's reliance on the vulnerability of the victims. Therefore, review of this issue is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357 361 (5th Cir. 2009).

A non-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation marks and citation omitted). A district court has the discretion to determine "that the applicable Guidelines range gives too much or too little weight to one or more factors" and may determine that a guidelines sentence "is not lengthy enough to serve the objectives of sentencing." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). In making its decision to vary upward, the district court considered that Saunders defrauded several elderly and sick individuals of large sums of money that resulted in a substantial financial hardship for at least two of the victims and that Saunders threatened the livelihood of one of the victims to obtain additional funds. It also considered that Saunders shared the lists of vulnerable victims with others, creating a further threat to public safety. Based on these considerations and the 18 U.S.C. § 3553(a) factors, the district court properly determined that the two-level enhancement for a vulnerable victim did not sufficiently take into account the multiple victims and circumstances in this case. The district court did not commit plain error in giving significant weight to the vulnerability of the victims, a consideration

No. 16-10379

that advanced the objectives of § 3553(a). *See Gall,* 552 U.S. at 49-51; *Chandle*r, 732 F.3d at 437; *Williams*, 517 F.3d at 810-11.

Saunders argues that the degree of the departure should be evaluated and that the upward variance of more than two years above the top of the guidelines range was unreasonable under the totality of the circumstances.

In considering the substantive reasonableness of a sentence, the court considers "the totality of the circumstances, including the extent of any deviation from the Guidelines range, while affording due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011) (internal quotations and citation omitted). In varying upward, the district court considered the vulnerability of the four victims along with the § 3553(a) factors of deterrence, promoting safety and respect for the law, and the need for a just punishment. The 27-month variance was "commensurate with the individualized, case-specific reasons provided by the district court" and did not reflect an abuse of discretion. *McElwee*, 646 F.3d at 338 (internal quotations and citation omitted). Based on the totality of the circumstances, and giving deference to the district court's determination that the § 3553(a) factors warranted the extent of the variance, the sentence was substantively reasonable. *See id.* at 337.

The sentence is AFFIRMED.