# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31154

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERIC J. MESSER,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-128-1

Before STEWART, Chief Judge, and KING and JONES, Circuit Judges.

PER CURIAM:*

Eric J. Messer was sentenced to an above guidelines sentence after he pleaded guilty to one count of wire fraud. The district court denied his objection to a U.S.S.G. § 3B1.3 sentencing enhancement for abuse of a position of public or private trust. Further, the district court, upon review of Messer's repeated lies to probation officers, prior probation related to child pornography, and the conduct that led to his plea, determined that an above guidelines sentence was warranted. Messer appeals his sentence on two principal bases—

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31154

that the district court erred in applying the § 3B1.3 sentencing enhancement and that the district court's sentence was not substantively reasonable.  For the following reasons, we **AFFIRM**.

I.

Eric J. Messer pleaded guilty to one count of wire fraud.  At rearraignment, he admitted he obtained a job with an offshore engineering and construction company by falsely claiming to be a licensed mechanical engineer, and submitted false receipts to obtain reimbursement for engineering software and a computer that he had not actually purchased.  Messer was not authorized to make those purchases, but he obtained reimbursement because his employer believed that Messer needed them for his work as an engineer.

Messer's PSR included a two-level adjustment pursuant to U.S.S.G. § 3B1.3 for abuse of a position of public or private trust.  The PSR recommended the adjustment because "Messer falsely represented" his qualifications for a job "designed for an engineer with the skills and education necessary to conduct complex calculations and make determinations for equipment that, if incorrect, could threaten the safety of the public at large." Messer objected, arguing that he did not use a special skill and that his offense "could have just as easily been committed by . . . any other employee who is reimbursed for business expenses."

The district court overruled Messer's objection relying on "the relationship between the defendant and the victim company, as well as his responsibilities there," and concluding "that it was a special position of trust that he occupied there."  The district court also sua sponte questioned whether Messer merited an offense-level reduction for acceptance of responsibility as recommended in the PSR.  The district court found that Messer (1) made inconsistent statements regarding a cancer diagnosis and treatment, (2) made inconsistent statements about his educational history, (3) failed to provide

2

No. 16-31154

reliable copies of financial records or proof that he made child support payments, (4) failed to disclose a $199,000 judgment against him, (5) violated the terms of his supervision by possessing a cell phone and laptop and by missing sex-offender treatment sessions, (6) deceived a state probation officer about his ability to complete community service while on federal supervision, and (7) failed to disclose a 2011 arrest for possession of marijuana. The district court continued the sentencing hearing to allow Messer to address those issues, but later denied the reduction for acceptance of responsibility and calculated Messer's sentencing guidelines range to be 15 to 21 months of imprisonment based on an offense level of 13 and a criminal history category of II. The district court sentenced Messer above the guidelines range to 26 months of imprisonment and three years of supervised release, explaining that "higher and lower sentences were considered but neither seem to provide the kind of appropriate punishment or deterrence for future crimes." The district court varied above the guidelines range based on Messer's misleading and false statements to probation officers. Messer objected to the upward variance and the denial of acceptance of responsibility.

Messer timely filed a notice of appeal. The Government does not invoke the appeal waiver in Messer's plea agreement. Messer raises two issues on appeal: whether the district court (1) erroneously applied the two-level § 3B1.3 adjustment, and (2) imposed a substantively unreasonable sentence.

## II.

On appeal, a district court's guidelines interpretations are reviewed de novo. *United States v. Le*, 512 F.3d 128,134 (5th Cir. 2007). A district court's findings of fact are reviewed for clear error. *Id.* Application of § 3B1.3 "is a sophisticated factual determination reviewed under the clearly erroneous standard." *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (internal quotation marks and citation omitted). A finding will be upheld on

No. 16-31154

appeal under the clearly erroneous standard "so long as it is plausible in light of the record as a whole." *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir 2009) (quotation omitted). This court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

A.

Messer objected to the "abuse of a position of trust" enhancement before the district court and now asserts that the district court erred in applying it under U.S.S.G. § 3B1.3. This enhancement provides that "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." Messer claims he "did not use his position as either an engineer or supervisor in order to facilitate the commission of the offense."

Under *Ollison*, this is a two-step inquiry where the sentencing court must first "determine whether the defendant occupied a position of trust at all," and then "ascertain the extent to which the defendant used that position to facilitate or conceal the offense." *Ollison*, 555 F.3d at 165 (internal quotation marks and citation omitted). Messer does not claim error in the first step, but instead claims that the district court's analysis fails because there was no "specific finding that Mr. Messer used his position of trust to significantly facilitate the commission or concealment of wire fraud." The district court, however, clearly found that that due to the relationship between Messer and his company and his responsibilities there, that was sufficient for the district court to be "satisfied that [Messer] was in a unique position to order this software or allegedly order this software." Accordingly Messer's argument fails.

Messer also claims that even if the district court made a specific finding, such a finding was clearly erroneous, analogizing his case to *Ollison*, where

this court overturned a § 3B1.3 enhancement for a secretary who used a corporate card to make unauthorized purchases. As Messer notes, this court held the enhancement did not apply because Ollison did not occupy a position of trust. Messer was a Vice President of Operations, however, and it was that position that made the purchase of software possible and plausible. Messer claims he did not use any discretionary authority entrusted to him in order to commit the crime; however, surely a VP of Operations has discretionary authority to make purchases and submit receipts that others do not. In *United States v. Pruett*, this court "found the second element of § 3B1.3 to be satisfied where the defendant's position made the criminal conduct easier to perform or where it facilitated his crime." 681 F.3d 232, 248 (5th Cir. 2012). It is certainly plausible in light of the record as a whole that Messer's position as the Vice President of Operations made his unauthorized purchases and reimbursements easier to perform and in fact, facilitated his crime. As the government observes "[h]is senior role in the company allowed him the authority to execute his scheme without detection." The district court's application of a § 3B1.3 enhancement was not error.

## B.

Messer next challenges the substantive reasonableness of the sentence. The review for substantive reasonableness is "highly deferential" because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campo-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The district court in this case awarded an upward variance of five months, which Messer claims was an abuse of discretion. The parties present very different pictures of Messer. The government notes that Messer is "a defendant on probation for possession of child pornography who lied to and stole from his employer, lied to the Probation Office about his drug history, financial history, educational

background, and falsely claimed to have cancer." Messer, on the other hand notes that he is "a Navy veteran and a dedicated father with four children."

A sentence that varies from the guidelines is substantively unreasonable when "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Under this test, Messer's arguments fail. He contends that the district court improperly balanced the § 3553(a) factors and that the court erred by varying upwards based on the same conduct that it cited to deny an offense-level reduction for acceptance of responsibility.

The district court was not precluded from varying upward based on conduct pertinent to the § 3553(a) factors that had already been considered in calculating his advisory guidelines range. *United States v. Williams*, 517 F.3d 801, 810-11 (5th Cir. 2008). Notably, Messer cites no authority to support his claim that the district court could not consider the facts upon which it based its denial of acceptance of responsibility in determining whether an upward variance was warranted. This argument is unavailing.

Messer's remaining argument is a mere disagreement with how the district court balanced the § 3553(a) factors, and therefore fails to establish an abuse of discretion. He has in no way shown that the district court's balancing "represents a clear error of judgment." *Diehl*, 775 F.3d at 724. The district court's sentence was substantively reasonable.

## CONCLUSION

For the foregoing reasons we **AFFIRM** the district court.