# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

HECTOR URBINA URBINA-MUNOZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:17-CR-605-1

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Hector Urbina-Munoz appeals his 48-month sentence for illegal reentry.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He challenges the substantive reasonableness of his above-guidelines sentence.

Substantive reasonableness is reviewed for abuse of discretion. *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). A non-guidelines sentence unreasonably fails to reflect the 18 U.S.C. § 3553(a) "sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

There is no merit to Urbina-Munoz's assertion that the district court gave significant weight to an improper factor, his probation revocations. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *see also United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Likewise, the record does not show an error in balancing Urbina-Munoz's criminal history and need for deterrence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

In sum, Urbina-Munoz has failed to show abuse of discretion. *See Scott*, 654 F.3d at 555; *Smith*, 440 F.3d at 708. Instead, he is merely expressing his disagreement with how the court weighed the § 3553(a) factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

AFFIRMED.