# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30885
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-192-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ryan Scott appeals his concurrent sentences of 120-months each imposed following his guilty-plea conviction for arson and possession of an unregistered firearm. He contends that his above-guidelines sentences are substantively unreasonable and that the district court abused its discretion when it made the upward variance. He complains that the district court erred in placing significant weight on factors that were accounted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30885

for by the applicable guidelines and that the court improperly considered uncharged conduct.  Scott also asserts that the district court failed to take into account the mitigating factors, including his personal history, and imposed a sentence that was greater than necessary to meet the sentencing purposes of 18 U.S.C. § 3553(a).

Scott objected in the district court to the reasonableness of the sentence, so we review that court's application of the Guidelines de novo and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  In reviewing challenges to the substantive reasonableness of a sentence, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Gall v. United States*, 552 U.S. 38, 51 (2007).

A "district court must consider various factors in crafting an individualized sentence and is free to give more or less weight to factors already accounted for in that advisory range."  *United States v. Douglas*, 569 F.3d 523, 527-28 (5th Cir. 2009.  The district court therefore did not err in giving additional weight to the seriousness of the risks created by Scott which are factors covered in the Guidelines.  *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).  Neither did the district court address an improper factor by considering evidence of uncharged conduct, including Scott's physical and mental abuse of his former girlfriend and the uncharged destruction of property, which facts are supported by reliable evidence.  *See United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013).

The record further reflects that the district court considered the mitigating issues raised by Scott's counsel as well as the records and information in the presentence report that supported those matters.  Having

considered those arguments and evidence, the district court was not required to expressly discuss each mitigating factor presented to it. *See id.* at 438-39. Based on the facts in the record, the district court could permissibly conclude that the aggravating factors and Scott's egregious conduct outweighs his proffered mitigating factors and that an upward variance was necessary to (1) provide just punishment, (2) deter future criminal conduct, and (3) protect the public. *See id.* at 440-41.

Neither does Scott's disagreement with the district court's assessment of the §3553(a) factors show an abuse of discretion. *See Gall*, 552 U.S. at 51. Moreover, the instant variance, which is 57 months above Scott's advisory sentencing maximum of 63 months, is within the range of variances that this court has upheld. *See United States v. Key*, 599 F.3d 469, 471, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

Given the significant deference that we owe to a district court's consideration of the § 3553(a) factors, *see Gall*, 552 U.S. at 51, and the district court's extensive reasons for its sentencing decision, the record does not demonstrate that Scott's sentence is substantively unreasonable or that it represents an abuse of the district court's discretion. *Id.* Scott's sentence is AFFIRMED.