# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2022

Lyle W. Cayce
Clerk

No. 21-30602
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Devonte Oshay Gater,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CR-168-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Devonte Oshay Gater pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to, *inter alia*, an above-Sentencing Guidelines term of 70 months' imprisonment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30602

Gater claims his 70-month sentence, an upward variance from the advisory Guidelines sentencing range of 51 to 63 months, is substantively unreasonable. In support, he contends: the district court erred in relying on his criminal history as a basis for deviating from the Guidelines sentencing range because criminal history and the other 18 U.S.C. § 3553(a) sentencing factors relied on by the court were accounted for by the computation of the Guidelines sentencing range; and the court's balancing of the § 3553(a) factors was tainted by its misunderstanding that Gater would automatically receive credit for the time he had spent in federal pretrial custody.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The court explained at sentencing that it imposed an upward variance because a within-Guidelines range sentence would not achieve the goals of the § 3553(a) sentencing factors. The court focused on Gater's criminal record, which began when he was a juvenile, by: reciting the facts underlying his prior convictions for battery, robbery, burglary, and theft; and commenting on his tendency towards recidivism, noting "the only time he was not committing crimes was when he was in jail". Although the prior convictions referenced by the court received criminal-history points, it is well-settled that a district court may afford additional weight to a relevant § 3553(a) factor, even if it is already accounted for under the Guidelines.

No. 21-30602

*E.g.*, *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) (explaining "sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors"); *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (recognizing "district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence").

Gater further asserts the court's giving, according to Gater, too much weight to his criminal history was compounded by its misunderstanding regarding whether Gater would receive credit for time spent in pretrial federal custody. After defense counsel explained Gater would not automatically receive such credit, the court clarified it would not reduce the 70-month sentence because Gater's prior criminal offenses warranted a non-Guidelines sentence.

AFFIRMED.